## UNITED STATES v. WILSON.
### Crim. A. No. 17977.

United States District Court
D. New Mexico.
Dec. 12, 1953.

Paul F. Larrazolo, U. S. Atty., Albuquerque, N. M., for the United States.

Howard F. Houk, Santa Fe, N. M., for defendant.

HATCH, District Judge.

The defendant appears before the court for sentence upon a plea of guilty to an information charging violations of Sections 3290 and 3291, Title 26 U.S.C. We are here concerned with the proper construction of Section 3294, Title 26 U.S.C., which provides penalties for violations of these statutes.

Under subdivision (a) of Section 3294 it is provided:

> "Failure to pay tax. Any person who does any act which makes him liable for special tax under this subchapter, without having paid such tax, shall, besides being liable to the payment of the tax, be fined not less than $1,000 and not more than $5,000."

Under subdivision (c) of that section it is further provided:

> "Willful violations. The penalties prescribed by section 2707 with respect to the tax imposed by section 2700 shall apply with respect to the tax imposed by this subchapter."

The applicable subdivision of Section 2707 of 26 U.S.C. provides:

> "(b) Any person required under this subchapter to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this subchapter who willfully fails to pay such tax, make such returns, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution."

From the foregoing sections of the statutes which must be looked to in order to arrive at the penalties to be imposed it is apparent some confusion might exist as to what the Congress intended. In such a situation it is essential for the court to ascertain, if possible, the will and purpose of the Congress at the time the laws were enacted. It is almost universally held that the intent of the Congress must be determined by the court. In the interpretation of a criminal statute, the United States Supreme Court said in the case of United States v. Alpers, 338 U.S. 680, 70 S.Ct. 352, 353, 94 L.Ed. 457, "The most important thing to be determined is the intent of Congress." In Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522, the same court held that in the construction of penal statutes that sense of the words should be taken which best harmonizes with the context and the end in view and that the obvious purpose of legislation shall be given effect. And in United States v. Raynor, 302 U.S. 540, 542, 58 S.Ct. 353, 82 L.Ed. 413, the Supreme Court discussed the legislative history of a criminal statute at length in order to determine the Congressional intent. Therefore, as has been said, the differences in the two penalties provided by subdivisions (a) and (c) of Section 3294 require a construction and interpretation of the legislative intent at the time the new law was adopted.

When one provision of a statute omits the word "willful" and imposes a penalty for mere infraction alone and another section of the same law imposes a different penalty for its "willful" violation, it should not be difficult to ascertain the legislative intent or purpose. The word "willful" in a criminal statute or in a law imposing penalties for its transgression has a well-defined meaning. In United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 224, 78 L.Ed. 381, the defendant was charged under Section 1114(a) of the Revenue Act of 1926, the pertinent parts of which are as follows: "Any person required under this

title to pay any tax, or \* \* \* make a return, keep any records, or supply any information, \* \* \*, who willfully fails to pay such tax, make such return, \* \* \*." The Supreme Court said that the word "willful" often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental, but when used in a criminal statute it generally means an act done with a bad purpose. The court suggested that aid in arriving at the meaning of the word "willfully" may be afforded by the context in which it is used and said further:

> "This court has held that, where directions as to the method of conducting a business are embodied in a revenue act to prevent loss of taxes, and the act declares a willful failure to observe the directions a penal offense, an evil motive is a constituent element of the crime."

See also Felton v. United States, 96 U.S. 699, 24 L.Ed. 875; Potter v. United States, 155 U.S. 438, 15 S.Ct. 144, 39 L.Ed. 214; Spurr v. United States, 177 U.S. 728, 19 S.Ct. 812, 43 L.Ed. 1150.

Having in mind the meaning courts have ascribed to the word "willful" I must infer that the Congress included this word in subdivision (c) purposefully and with a definite end in view. It can hardly be supposed the legislative body employed the use of the word without full knowledge of its legal effect. Similarly, I must infer that when the word was omitted from subdivision (a) the omission was purposefully done and with a definite end in view.

The purpose of the legislative body as expressed in subdivision (a) cannot be in doubt. In strong and vigorous, plain and unequivocal language the Congress in subdivision (a) positively prescribes that where "Any person who does any act which makes him liable for special tax under this subchapter, without having paid such tax, shall, besides being liable to the payment of the tax, be fined not less than $1,000 and not more than $5,000." From the language quoted it appears clear the legislative body intended the courts to impose rather severe penalties against all offenders who transgress the law in any respect. A penalty of not less than $1,000 and not more than $5,000 is not insignificant where neither the criminal intent nor the wrongful purpose is made an element of the offense and a mere infraction of the law by doing any act is sufficient to incur such penalty.

I now consider the legislative intent with reference to subdivision (c), but in doing so the mandatory requirements of subdivision (a) must always be kept in mind as both subdivisions are contained within the same law and are of equal weight. Each must be construed in the light of and with reference to the other. Both subdivisions must be construed together and legislative intent and purpose of each must be given full force and effect, if possible. In Helvering v. New York Trust Co., 292 U.S. 455, 54 S.Ct. 806, 808, 78 L.Ed. 1361, it was held, in quoting from another Supreme Court decision, Brown v. Duchesne, 19 How. 183, 15 L.Ed. 595:

> " 'It is well settled that, in interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature, as thus ascertained, according to its true intent and meaning.' "

Finding the word "willful" embraced within subdivision (c) and omitted from subdivision (a), it would seem logical to infer the lawmakers considered the offenses penalized by subd. (c) to be of a more serious nature than the mere transgression of the law, which is penalized by subd. (a). It requires no process of reasoning to determine that an act willfully committed is more serious and subject to graver consequences than is an act which altogether lacks willfulness or wrongful, evil purpose. Therefore, I

must assume and conclude the legislative body. considered the acts penalized by subdivision (c) to be of graver consequence and of more serious import than the acts condemned by subdivision (a).

Counsel for defendant seriously argues that the penalties prescribed by subdivision (c), which are set forth in Section 2707(b), give the court discretion to impose any sentence not in excess of a $10,000 fine or imprisonment for one year, or both. Counsel is correct in the literal interpretation of the language which appears in 2707(b) as regards the penalties therein prescribed. There is no minimum penalty in 2707(b). But can it be inferred reasonably that the Congress intended to give the courts discretion to assess a less penalty for an act willfully committed but deny discretion to assess a penalty of less than $1,000 for the same act but which is not "willfully" committed and is done without wrongful purpose? To hold that a court is given discretion to assess a less and possibly an insignificant penalty when the act is committed with wrongful or evil purpose than is permitted to be assessed against one who has no such wrongful or evil purpose may be warranted by the exact and precise language of subdivision (c) and 2707(b); but to reach any such incongruous conclusion would do violence to what I conceive to be the legislative intent as that intent appears from the law in its entirety. Construing subdivisions (a) and (c) together, I must conclude the lawmakers intended that no penalties less than those prescribed in subdivision (a) should be assessed for any violation of the law. Further, that if the act is committed willfully the punishment should be at least equal and probably should be in excess of the penalties absolutely required by subdivision (a). The legislative intent must have been that penalties under subdivision (c) should range upward—not downward—from those made mandatory by subdivision (a). Certainly a most strange and unusual intention would have to be attributed to the legislative body if the law be interpreted to permit a less penalty for the more guilty than it makes mandatory for the less guilty.

In arriving at this conclusion I necessarily consider the two sections together in an effort to arrive at the true legislative purpose and to give that effect to the entire law. This construction will give meaning and force to both subdivisions (a) and (c) and will do violence to neither. It will be in accordance with what definitely appears to be the legislative will and purpose, as I construe the same to be.

I have already cited the case of Helvering v. New York Trust Co. supporting and declaring the rule as to the duty of a court in arriving at legislative intent. Another case to the same effect —and it is only one of many—is the case of Dealer's Transport Co. v. Reese, 5 Cir., 138 F.2d 638, 640, in which the following language appears:

> "It is the duty of the court to reconcile asserted ambiguities, if possible, and to give effect to all parts of a statute so as to effectuate the intent and purpose of the Legislature."

As hereinbefore set forth, I interpret the will of Congress to be that no penalty should be less than prescribed in subdivision (a). Therefore and notwithstanding that Section 2707(b) provides no minimum penalty, the requirement of assessing at least the penalty in subdivision (a) is just as effective as though it were written into subdivision (c) and, in turn, into 2707(b). By this construction, subdivision (a) actually becomes a part of both subdivision (c) and 2707(b). Such, I am confident, was the intent of Congress. This interpretation also accomplishes the imposition of rather severe penalties under any and all circumstances, which a reading of the law as a whole clearly indicates was the end Congress had in view. It further removes all ambiguity and provides sane and sensible legislation, rather than an absurd, incongruous law which could impose heavier penalties upon the less

guilty than might be inflicted on the more guilty. To avoid the possibility of such last mentioned anomalous and unjust state of the law, the construction I have given seems to be required.