**UNITED STATES of America**

v.

**Paul R. LEWIS.**

**Cr. No. 55–145.**

United States District Court
D. Massachusetts.

July 5, 1956.

———◆———

Anthony Julian, U. S. Atty., J. J. Sullivan, Jr., Asst. U. S. Atty., Boston, Mass., for plaintiff.

Jeremiah E. Sullivan, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a motion to reduce sentence. I would be willing to consider granting the motion, which is timely, if I thought I had power to do so. The defendant has been ordered to pay a fine of $1,000 after pleading guilty to a two count indictment charging "willful" non-payment, in March, 1954, of the special gambling tax imposed by 26 U.S.C. §§ 3290 and 3291. I imposed this fine in the belief that it was mandatory. I remain of that opinion.

Punishment for violation of these sections is provided for by 26 U.S.C. § 3294. This reads as follows,

"§ 3294. *Penalties*

"(a) *Failure to pay tax.* Any person who does any act which makes him liable for special tax under this subchapter, without having paid such tax, shall, besides being liable to the payment of the tax, be fined not less than $1,000 and not more than $5,000.

"(b) *Failure to post or exhibit stamp.* Any person who, through negligence, fails to comply with section 3293, shall be liable to a penalty of $50, and the cost of prosecution. Any person who, through willful neglect or refusal, fails to comply with section 3293, shall be liable to a penalty of $100, and the cost of prosecution.[1]

"(c) *Willful violations.* The penalties prescribed by section 2707 with respect to the tax imposed by section 2700 shall apply with respect to the tax imposed by this subchapter."

The applicable subdivision of section 2707 provides,

"(b) Any person required under this subchapter to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this subchapter who willfully fails to pay such tax, make such returns, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or

1. This subsection has no present pertinency other than to indicate Congressional insistence upon a higher fine in case of willfulness.

imprisoned for not more than one year, or both, together with the costs of prosecution." [2]

There is no question but that if the word "willful" were not present in the indictments sentence would be under § 3294(a), and a minimum fine of $1,000 would be required. The defendant contends that in view of the fact that § 3294(c) is headed "Willful violations," and refers to § 2707, and § 2707 contains no minimum provisions, I may impose a lesser fine than if the offense had been due merely to negligence or oversight. The government joins in this position, and because of this I reserved decision. The parties seek to rebut the apparent illogicality of the result by saying that under § 2707 I can impose a jail sentence, and that the existence of this power is notice, or a threat, to proposed violators which offsets the absence of the minimum fine. Secondly, they argue that this is what the statute says, whether that was the intention or not.

I do not agree with either contention. The purpose of a minimum sentence is to indicate the policy of Congress not so much to possible defendants as to the court. The deterrent effect is the scope of the power to sentence, not its mandatory aspect. The primary purpose of a stated minimum is to advise the court not to take the offense lightly. I cannot believe that Congress would be content to see willful violators taken more lightly than more innocent ones.[3] Nor do I think that the language of the act permits such a construction. Section 3294 (a) is all-inclusive, and in terms refers to *any* non-payment of the tax. Section 2707 states that the penalty therein is "in addition to other penalties provided by law." On their face I believe these two sections, when the offense has been willful, are cumulative, and not mutually exclusive.

Finally, the government argues that the courts have been following, as a general practice, the construction of the statute for which it now contends, and that Congress, in reenacting the statute without substantial change, must be presumed to have sanctioned this interpretation. The interval during which alleged ratification took place is very short. Prior to the reenactment the only court decision that has been reported reached the opposite result. United States v. Wilson, D.C.D.N.M., 116 F.Supp. 911. The basis for claiming Congressional ratification of a contrary view I consider altogether insubstantial.

Motion denied.

2. This subsection so incorporated by reference relates primarily to taxes on firearms.

3. It may well be true, as the government points out, that even when there is provision for a minimum fine the court may impose it and suspend its execution under 18 U.S.C. § 3651. But suspending execution of a large fine for special considerations in an individual case differs in many ways from imposing a small fine to begin with. If there were no difference I would have to draw the conclusion that a minimum fine could not be suspended, rather than adopt the argument I understand the government to make.