**Michael B. JORDAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21775.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 12, 1969.

Decided Feb. 28, 1969.

Mr. Michael A. Schuchat, Washington, D. C. (appointed by this court), for appellant.

Mr. Thomas M. Susman, Attorney, Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Edward T. Miller, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT, McGOWAN and ROBINSON, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

Appellant urges reversal of his conviction of robbery and assault with a dangerous weapon because, during a recess in the trial, a juror had a conversation with a witness. Private communication between a juror and a witness is a serious matter, giving rise to a presumption of prejudice. Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892); Ryan v. United States, 89 U.S.App.D.C. 328, 191 F.2d 779 (1951). In this case, however, the prompt and competent steps taken by the trial judge eliminated the possibility that appellant was harmed, and accordingly we affirm his conviction.

During a noon recess one juror was seen by two others talking with one or two of the defense witnesses. These jurors reported their observation to the

United States Marshal, and discussed the matter with other jurors. Judge Gasch immediately called counsel for both sides into his chambers and on the record talked with the two jurors who had witnessed the conversation and with the juror who had engaged in the conversation. Counsel were allowed to question the jurors.

The judge ascertained that the conversation had been benign; the witnesses recognized the juror as having been a fellow parishioner in their church and they mentioned that to him, after which the juror lent one of the witnesses a dollar to buy food. No mention of the case was made. The juror assured the trial court that he would not be affected by the conversation; the two other jurors also stated that they would not be affected by having witnessed the conversation. Nonetheless, out of caution that both substantial fairness and the appearance of fairness must be scrupulously observed in a court of law, the judge discharged the juror, replacing him with one of the two alternates. He also offered to discharge the two other jurors, which would have resulted in an 11-member jury. Defense counsel declined. The judge then summoned the entire jury and told them that he had discharged the one juror, explaining candidly:

> " * * * The Court, of course, must maintain complete impartiality and objectivity in the trial of any case. The Court feels also that it should maintain the appearance of complete objectivity and impartiality. The Court explored with the juror who has been excused the conversation. It was completely innocent and had nothing to do with the case. It related solely to the fact that the witness and the juror had gone to the same church in Alexandria some years ago.
>
> "I wanted to give you this explanation because it should have nothing to do with your verdict in this case. * * *"

The actions of the trial court were nicely calculated to uphold the interest of the Government in completing trials in progress while eliminating the possibility of prejudice to the defendant. Under the circumstances we find no basis for reversal.

Affirmed.