Evelyn Yvonne **GRAHAM**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4993.

District of Columbia Court of Appeals.

Argued April 21, 1970.

Decided June 26, 1970.

2d 89 (Tex.Civ.App.1969); Schwartz v. Jacob, 394 S.W.2d 15 (Tex.Civ.App.1965).

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Michael J. Madigan, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Roger E. Zuckerman, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

The appellant, Miss Graham, was convicted of petit larceny by a jury consisting of 11 persons, after one of the jurors had been stricken from the panel of 12 during the trial.

On the third day of the trial, the court's attention had been directed by the prosecutor to a rather fortuitous meeting between him and a juror sitting on this case. The juror had spoken to the prosecutor about having a warrant issued against her husband. Defense counsel (not counsel on appeal) was satisfied that no conversation occurred between the prosecutor and the juror concerning the case on which she was sitting. The juror was examined by the court, and she (the juror) denied that her meeting with the prosecutor would affect her impartiality in the instant case. The court denied Miss Graham's motion for a mistrial but granted the motion to strike the juror.

On appeal, Miss Graham claims that the court abused its discretion in not granting the motion for a mistrial; she argues that the court failed to adduce adequate evidence to rebut the presumption of prejudice, which arises out of such an occurrence,[1] by "probing the matter by an extensive hearing."[2]

■ It may be, and we assume arguendo, that the court did not examine the juror closely enough as to her possible bias or prejudice and that, therefore, "the question of bias or prejudice was [not] susceptible of an intelligent judgment by [it]."[3] Nevertheless, we think that striking the juror at Miss Graham's request cured any prejudice with respect to this juror.

■ However, Miss Graham argues that striking the juror could not completely cure the prejudice to her defense because she (the juror) could have had detrimental conversations with other jurors. She contends that the court erred by not examining the juror as to whether any such discussions were had. We are unpersuaded by her argument. We note that the occurrence of any conversation between the stricken juror and other jurors as to her meeting with the prosecutor is mere speculation and conjecture on Miss Graham's

1. Ryan v. United States, 89 U.S.App.D.C. 328, 191 F.2d 779 (1951), cert. denied, Duncan v. United States, 342 U.S. 928, 72 S.Ct. 368, 96 L.Ed. 691 (1952).

2. Id. at 330, 191 F.2d at 781. Cf. Jordan v. United States, 133 U.S.App.D.C. 102, 103, 408 F.2d 1305, 1306 (1969).

3. Ryan v. United States, 89 U.S.App.D.C. at 332, 191 F.2d at 783.

part, for there is not even a hint of such an event in the record. This is especially important because Miss Graham had the opportunity to further examine, or have the court further examine, the juror in this regard but she declined to do so. Moreover, the motion for a mistrial was made on the *sole* ground of a relationship of attorney and client between the prosecutor and the juror; the possibility of bias on the part of other jurors was not brought to the court's attention at any time. In fact, this was suggested for the first time on appeal. We do not think it just that Miss Graham be allowed to intentionally or erroneously sit back and permit the court to possibly commit error and then, on appeal, urge such error as grounds for reversal.[4]

Finally, we do not think D.C. Code 1967, § 16–705(c)[5] or the trial court's Criminal Rule 23(b)[6] is applicable to the situation here presented. They, in our opinion, are designed for the situation where before trial it is determined to proceed with a jury of less than 12, or where during the course of a trial it becomes necessary to excuse a juror for illness or like cause. Here, when the motion for mistrial was denied, Miss Graham could have continued with the trial before 12 jurors and, if the verdict was adverse, raised on appeal the question of the propriety of the judge's refusal to declare a mistrial. Instead, as a matter of trial tactics or strategy, trial counsel moved to strike the juror and proceed with 11 jurors. Thus Miss Graham, through her counsel, in open court not only consented to, but requested, trial by a jury of less than 12. In our opinion this was a matter of trial tactics to be determined by trial counsel after consulting with his client, as is the case of so many matters arising during the course of a trial. These determinations by counsel may concern many of the defendant's fundamental rights, but under our system of advocacy the responsibility and authority for making such determinations rest on counsel and him alone. *See* Henry v. Mississippi, 379 U.S. 443, 451–452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

Affirmed.

---

4. *Cf.* United States v. McGrady, 191 F. 2d 829 (7th Cir.), cert. denied, Paulding v. United States, 342 U.S. 911, 72 S.Ct. 305, 96 L.Ed. 681 (1951).

5. D.C.Code 1967, § 16–705(c) reads in pertinent part:
The jury * * * shall consist of twelve persons, unless the parties, with the approval of the court and in the manner provided by rules of the court, agree to a number less than twelve.

6. GS Crim.Rule 23(b) reads as follows:
Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.