UNITED STATES of America, Appellee,

v.

**James LEWIS, Appellant.**

**No. 80–5047.**

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1981.

Decided Oct. 30, 1981.

Certiorari Denied Feb. 22, 1982.
See 102 S.Ct. 1464.

---

William J. Ginivan, Alexandria, Va. (Cohen & Annand, Alexandria, Va., on brief), for appellant.

Barry J. Kaplan, Washington, D. C. (Justin W. Williams, U. S. Atty., Leonie M. Brinkema, Asst. U. S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

A jury found the appellant, James Lewis, guilty of two counts of kidnapping, one count of armed robbery and another count of felonious assault. He contests the validity of the convictions on three grounds; first, that there was insufficient evidence to support his convictions; second, that the failure of the government to turn over certain notes denied him a fair trial; and finally he argues that the allegations in the first two counts of the indictment do not charge a kidnapping in violation of 18 U.S.C. § 1201.

█ Count II of the indictment alleged a kidnaping when the victim was transported in interstate commerce in violation of 18 U.S.C. § 1201(a)(1). The elements of kidnaping under § 1201 are twofold: "the kidnaped victim shall have been (1) 'unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever' and (2) 'held for ransom or reward or otherwise.'" *Chatwin v. United States*, 326 U.S. 455, 459 (1946).[1] This circuit has described an unlawful seizure and holding as the essential elements of a kidnaping. See *United States v. Young*, 512 F.2d 321, 323 (4th Cir. 1975).

█ Count II fails to charge explicitly that the defendant "held" the victim. However, it states that the appellant "transport[ed] [the victim] in interstate commerce from the George Washington Memorial Parkway in the Eastern District of Virginia to the District of Columbia." An allegation that the accused transported the victim across state lines from Virginia to Pennsylvania was held to be sufficient to indicate a holding. *Hall v. United States*, 410 F.2d 653 (4th Cir. 1969). See also *United States v. Martell*, 335 F.2d 765, 765–66 (4th Cir. 1964) ("did fail to release" sufficient to charge a holding). The holding

---

1. Later changes in phraseology in the statute do not affect the sense of this holding.

may be brief. See *United States v. Young*, 512 F.2d 321 (4th Cir. 1974). We think the statement in Count II that the appellant transported the victim from Virginia to the District of Columbia adequately alleges a holding under § 1201(a)(1).

■ Count I (an unnumbered count) alleged kidnaping within the special maritime or territorial jurisdiction of the United States under 18 U.S.C. § 1201(a)(2). Count I also fails to charge that the appellant held the victim. Unlike Count II, it lacks language implying a holding. However, we need not resolve the issue of whether Count I fails to allege an essential element of the offense. The legislative history of 18 U.S.C. § 1201 instructs that Sections 1201(a)(1) and 1201(a)(2) do not create separate offenses when the same act is. the subject of both charges.

The Senate Report concerning the 1972 amendments to § 1201[2] persuades us that § 1201(a) creates a single crime and subsections (1), (2), (3) and (4) thereof constitute separate federal jurisdictional bases for that single crime. The Report states that the 1972 Amendments

> make a number of substantive changes in the present kidnaping law. In lieu of the sole jurisdictional base of transportation in interstate or foreign commerce, jurisdiction to punish kidnaping is provided when (1) the victim is transported in interstate or foreign commerce (as under existing law); (2) the kidnaping occurs

within the special maritime and territorial jurisdiction of the United States; or (3) in the special aircraft jurisdiction of the United States; or (4) the victim is a foreign official within the purview of section 1116 of title 18.

Although the term "kidnaping" has acquired a general meaning sufficient to encompass the operative term "seizes", "confines", etc. (compare 18 U.S.C. 351), for clarity the present terminology of 18 U.S.C. 1201 is retained. The term "ransom or reward or otherwise" is intended to reflect the judicial construction developed under existing Federal law. See *Gooch v. United States*, 297 U.S. 124, 128 [56 S.Ct. 395, 397, 80 L.Ed. 522] (1936). S.Rep. No. 92–1105, 92d Cong., 2d Sess. ——, *reprinted in* [1972] U.S.Code Cong. & Ad. News 4316, 4326–27.

The Committee explained that the 1972 amendments

> [m]ake several changes in the Federal kidnaping law as it will apply generally. In this regard, the law is amended to make the thrust of the offense the kidnapping itself rather than the interstate transportation of the kidnapped person. This effort to clearly differentiate the question of what criminal behavior falls within Federal jurisdiction not only makes the sanction more rational but also has the practical effect of assuring that a kidnapping which occurs in a hijacking situation is an extraditable offense from a country which does not recognize an

---

**2.** Prior to the 1972 amendments § 1201(a) read as follows:

> (a) Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or, (2) by imprisonment for any term of years or for life, if the death penalty is not imposed.

Following the 1972 amendments § 1201(a) now reads as follows:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or

otherwise any person, except in the case of a minor by the parent thereof, when:

> (1) the person is willfully transported in interstate or foreign commerce;
> (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;
> (3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 101(36) of the Federal Aviation Act of 1958, as amended (49 U.S.C. 1301(36); or
> (4) the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title,

shall be punished by imprisonment for any term of years or for life.

offense keyed to interstate transportation.

A letter from the Attorney General and the Secretary of State included with the legislative history also describes the 1972 amendments to § 1201 as extensions of federal jurisdiction. Id. at 4322–23; see also *United States v. Young*, 512 F.2d 321, 323 (4th Cir. 1974).

Thus we think the Senate Report shows that the 1972 amendments separate the kidnaping itself from the federal jurisdictional bases for prosecution. This distinction now made between the act of kidnaping and the jurisdictional bases of § 1201(a) demonstrates that § 1201(a) proscribes one crime, with four jurisdictional bases, interstate or foreign commerce, maritime or territorial jurisdiction, special aircraft jurisdiction, and foreign guests of the government.

We conclude that § 1201(a) as amended creates a single crime with four jurisdictional bases rather than four different crimes and that Lewis' conviction under Count I should be set aside.

We are also of the opinion that the evidence supports the verdict and that no exculpatory material was denied the defendant under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1964), or *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

We remand to the district court to vacate the conviction under Count I, *United States v. Mason*, 611 F.2d 49, 53 (4th Cir. 1979).

We affirm its judgment of conviction on Counts II, III, and IV.

AFFIRMED AS TO COUNTS II, III, and IV; REMANDED WITH INSTRUCTIONS AS TO COUNT I.