**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos Ricardo HILL,
Defendant–Appellant.
(Two Cases)**

**Nos. 87–7591, 87–7627.**

United States Court of Appeals,
Fourth Circuit.

Argued June 6, 1988.

Decided Oct. 18, 1988.

Maureen Frances Del Duca, Supervising Atty. (Steven Goldblatt, Director, Dori K. Bernstein, Supervising Atty., New Britain, Conn., Appellate Litigation Program, Georgetown University Law Center, on brief), for defendant-appellant.

Gregg Lewis Bernstein, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellee.

Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

WIDENER, Circuit Judge:

Carlos Ricardo Hill seeks relief under 28 U.S.C. § 2255 from a three count conviction entered against him on July 8, 1983. The district court denied his petition as stating no grounds for relief. We find that one count of Hill's conviction on two counts of kidnapping under the federal kidnapping statute, 18 U.S.C. § 1201, will ultimately have to be vacated, and we remand for further proceedings with instructions.

Hill kidnapped Miss Pamela Shipman in the District of Columbia. He transported her to the Baltimore–Washington Parkway, where she was murdered and apparently raped. He was indicted on March 29, 1983, on three separate counts arising from that series of events. Count 1 charged Hill with kidnapping in violation of 18 U.S.C. § 1201(a)(1), kidnapping when the victim is transported in interstate commerce. Count 2 charged him with kidnapping in violation of 18 U.S.C. § 1201(a)(2), kidnapping in the

special maritime and territorial jurisdiction of the United States. Count 3 charged him with second degree murder within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 1111. He was convicted on all three counts and sentenced to imprisonment for terms of 60 years on each count, the sentences to run concurrently. These convictions were affirmed on direct appeal. *United States v. Hill*, 766 F.2d 856 (4th Cir.), *cert. denied*, 474 U.S. 923, 106 S.Ct. 257, 88 L.Ed.2d 263 (1985).

On March 16, 1987, Hill filed his § 2255 petition. He alleged that his conviction under the two different subdivisions of 18 U.S.C. § 1201 constituted double jeopardy and that the court had no authority to impose concurrent sentences. This petition was dismissed on March 18, 1987 as stating no grounds for relief. Hill filed a notice of appeal on March 30, 1987 from the court's order.

■ On May 27, 1987, again proceeding pro se, Hill filed a motion to alter or amend the judgment under Fed.Rule Civ.P. 60(b).[1] This motion alleged for the first time the grounds of ineffective assistance of counsel, the existence of alibi witnesses who did not testify, and the systematic exclusion of minorities from the jury. This motion was denied as presenting no grounds for relief from the March 18th order. Hill filed a second notice of appeal from the order of May 27, 1987, on June 8, 1987. Both appeals are presently before us.

Hill's conviction and sentence on the two separate subdivisions of 18 U.S.C. § 1201(a) is in error. An examination of that statute and the legislative history reveals that each of the four subdivisions is meant to act as a separate jurisdictional base and not as a separate crime. In that respect, this case is on point with *United States v. Lewis*, 662 F.2d 1087 (4th Cir. 1981), *cert. denied*, 455 U.S. 955, 102 S.Ct. 1464, 71 L.Ed.2d 672 (1982). In *Lewis*, we required a vacation of one conviction when the defendant had been convicted under

both §§ 1201(a)(1) and 1201(a)(2). At issue were the same subdivisions of 18 U.S.C. § 1201(a) under which Hill was convicted. Our discussion of the legislative history of the statute in *Lewis* applies here, and being of opinion that subdivisions (1), (2), (3) and (4) of § 1201(a) establish separate jurisdictional bases, not separate crimes, *one* of Hill's kidnapping convictions must ultimately be set aside.

■ The government does not contest the applicability of *Lewis* to the facts of this case, but chooses to rely instead upon the concurrent sentence doctrine. That doctrine provides that where a defendant is serving concurrent sentences and one conviction is shown to be valid, the court may decline to pass upon the validity of the other conviction. It requires a showing that the defendant will suffer no harm by letting both the valid and unreviewed convictions stand. See *United States v. Truong Dinh Hung*, 629 F.2d 908, 931 (4th Cir.1980). We are of opinion, however, that the concurrent sentence doctrine does not apply in this case. The doctrine presupposes one conviction that is valid and one that has not been passed upon, not one valid and one invalid conviction as here.

Ordinary prudence dictates, however, that all of Hill's post conviction claims be disposed of before either of his kidnapping convictions be vacated. Thus, we remand with the following instructions. The district court should hold in abeyance vacating either of the § 1201(a) kidnapping convictions until after Hill has filed any and all of his claims for post conviction relief, which should include those claims he raised under his Rule 60(b) motion, which we have treated as an additional motion for relief under 28 U.S.C. § 2255. We will not put the government and the district court in the position of electing to vacate one of the kidnapping convictions and having the other conviction overturned at a later date on some yet to be determined grounds. After the merits of Hill's post conviction claims have been determined and the judgment on

---

1. We treat this motion as an additional motion for relief under 28 U.S.C. § 2255, not as a motion for relief under Rule 60(b).

that is final, and assuming that both kidnapping convictions yet remain valid, the district court is instructed to then vacate one of the two kidnapping convictions on the authority of *United States v. Lewis.* As the Georgetown University Appellate Litigation Program is already familiar with these cases as a result of this appeal, we also suggest that the district court appoint attorneys from that organization to represent Hill until this and any subsequent post conviction proceedings are completed.

REMANDED WITH INSTRUCTIONS.