927 F.2d 597
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Carlton CUMBER, Defendant-Appellant.
 No. 90-7089.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1990.
Decided March 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-88-26)
 Byron Carlton Cumber, appellant pro se.
 Robert Daniel Boyce, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Byron Carlton Cumber, a federal prisoner sentenced under the sentencing guidelines, filed a motion for correction of sentence pursuant to Fed.R.Crim.P. 35(a). The district court denied the motion for lack of jurisdiction, and Cumber appealed. We affirm.
 
 
 2
 In his Rule 35 motion, Cumber makes numerous objections to his sentence. Rule 35 now permits a district court to modify a sentence only on remand after an appeal under 18 U.S.C. Sec. 3742 or on the government's motion for a downward departure based on substantial assistance. To the extent that Cumber is now attempting to appeal his sentence under 18 U.S.C. Sec. 3742, the appeal is untimely.
 
 
 3
 Claims which are properly brought under 28 U.S.C. Sec. 2255 may be considered on the merits when they are raised in a Rule 35 motion.* However, Cumber's nonconstitutional claims concerning the computation of his sentence were waived when Cumber failed to raise them on appeal. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Emanuel, 869 F.2d 795 (4th Cir.1989). Moreover, we would find Cumber's remaining constitutional claims without merit. Cumber contends that the imposition of a special assessment under 18 U.S.C. Sec. 3013 was unconstitutional. The Supreme Court has recently decided that special assessments are constitutional. United States v. Munoz-Flores, 58 U.S.L.W. 4563 (U.S. May 21, 1990) (No. 88-1932). He further argues that the Ex Post Facto Clause is violated by sentencing him under the guidelines because the conspiracy did not continue past November 1, 1987. We find this claim unsupported by the record.
 
 
 4
 We therefore affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 See United States v. Hill, 859 F.2d 325 (4th Cir.1988); United States v. Santora, 711 F.2d 41 (5th Cir.1983); 3 C. Wright Federal Practice and Procedure Sec. 583 (1982)