976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
David JUDD, a/k/a David Coolidge, a/k/a David Coleman,
Defendant-Appellant.
 No. 91-6612.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 12, 1992
Decided: September 30, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, Chief District Judge. (CR-86-49)
 David Judd, Appellant Pro Se.
 Bart Daniel, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 Before RUSSELL and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 David Neal Judd appeals from the district court's denial of his motion to reconsider a denial of relief under Fed. R. Crim. P. 35. For the reasons set forth below, we affirm in part, reverse in part, and remand the case to the district court for correction of the judgment and commitment order.
 
 
 2
 Judd pled guilty to four counts of a six count superseding indictment charging conspiracy, importation, and intent to distribute marihuana. Count one charged Judd with conspiracy to import marihuana in violation of 21 U.S.C.A. §§ 952(a), 960, & 963 (West 1981 & Supp. 1992). Count two charged him with conspiracy to possess with intent to distribute marihuana in violation of 21 U.S.C.A. §§ 846, 841(a)(1) & (b)(6) (West 1981 & Supp. 1992). Count three charged Judd with importation and conspiracy to import approximately 10,000 pounds of marihuana in violation of 21 U.S.C.A.ss 952, 960(a)(1), and 18 U.S.C. § 2 (1988). Count four charged him with conspiracy and possession with intent to distribute marihuana in violation of 21 U.S.C.A. §§ 841(a)(1) & (b)(6), and 18 U.S.C.s 2.
 
 
 3
 Judd filed a pro se motion under Fed. R. Crim. P. 35(a), raising various challenges to the sentences imposed upon his guilty plea. The district court denied the motion, and Judd moved for reconsideration, specifically claiming that the district court failed to comply with Fed. R. Crim. P. 32 and that the special parole term imposed on count four was illegal. The district court denied the motion for reconsideration on June 21, 1991, and Judd appealed on July 12, 1991.
 
 
 4
 The first question raised is one of appellate jurisdiction. Judd did not appeal within the ten days allowed for appeal of Rule 35 orders. Judd's claims could, however, have been brought under 28 U.S.C. § 2255 (1988), see Hill v. United States, 368 U.S. 424, 430 (1962), and proceedings initiated under Rule 35 may be reviewed under § 2255 where such construction is necessary to the court's jurisdiction. See United States v. Santora, 711 F.2d 41, 42 (5th Cir. 1983). If Judd's Rule 35 motion is construed as a § 2255 motion, his motion for reconsideration, because it was served within ten days, would be treated as a Fed. R. Civ. P. 59 motion, and would toll the time to appeal. See Fed. R. App. P. 4(a)(4); Clayton v. Douglas, 670 F.2d 143 (10th Cir.), cert. denied, 457 U.S. 1109 (1982); Dove v. CODESCO, 569 F.2d 807 (4th Cir. 1978). Judd filed his notice of appeal within the sixty-day appeal period applicable to § 2255 proceedings, measured from the denial of his motion for reconsideration. The only issues pursued on appeal are those raised in Judd's motion for reconsideration and one issue regarding the effect of his perceived noncooperation on sentencing.
 
 
 5
 Judd was sentenced to five years imprisonment and a special parole term of twenty years on count four. He argues that the statute in effect at the time his offense was committed did not authorize the imposition of a special parole term. The offense conduct charged in count four occurred in April 1981. The conduct, possession with intent to distribute 10,000 pounds of marihuana, is in violation of 21 U.S.C.A. § 841(a)(1) and subject to sentencing according to 21 U.S.C.A. § 841(b)(6).* The latter provision does not provide for a special parole term, and has been strictly construed, according to the "rule of lenity" for interpreting criminal statutes. See United States v. Meros, 866 F.2d 1304, 1312-13 (11th Cir.) (construing 21 U.S.C.A. § 841(b)(6)), cert. denied, 493 U.S. 932 (1989). We therefore conclude that the imposition of a term of special parole for count four was improper.
 
 
 6
 In this case, there is no error alleged or existing as to the concurrent special parole term imposed on count three. See 21 U.S.C.A. § 960(b)(2) (West 1981) (mandating special parole term for violations of 21 U.S.C.A. §§ 952 & 960(a)(1)). Therefore, the special parole term imposed in count three should not be disturbed on remand. Although Judd is subject to a special parole term in any event, we decline to apply the concurrent sentence doctrine where, as here, one special parole term was unauthorized by law. See United States v. Hill, 859 F.2d 325, 326 (4th Cir. 1988). The case is remanded to the district court to delete the illegal special parole term from the sentence imposed on count four.
 
 
 7
 Also raised in Judd's motion is a challenge under Fed. R. Crim. P. 32(c)(3)(D), which requires the district court to make explicit factual findings as to each matter controverted by the defendant in the presentence report, or indicate that such matter will not be taken into account in sentencing. The rule also requires that a written record of such finding be appended to any copy of the presentence report made available to the Bureau of Prisons or Parole Commission. See United States v. Miller, 871 F.2d 488 (4th Cir. 1989). Ordinarily, a written transcript of the sentencing hearing complies with Rule 32(c)(3)(D). See United States v. Hill, 766 F.2d 856, 858 (4th Cir.), cert. denied, 474 U.S. 923 (1985).
 
 
 8
 Judd contends that no finding was made at sentencing, or otherwise, as to particular controverted matters in the presentence report. Namely, Judd objected at sentencing to that part of the report which alleged that his role in a conspiracy to import marihuana from Thailand was that of an investor. Judd contended that he never invested money in that deal and committed no overt act in furtherance of the conspiracy. The only response from the Government to this objection was to indicate the source of the allegations. In addition, Judd objected at sentencing to that part of the presentence report which alleged that he had offered one Edward Cook $50,000 to drive a truck to offload drugs from a ship. He contended that he never offered money and, in fact, told Cook that the particular venture in question was not his, but to talk to William Sharpe if Cook wanted to participate. Again, the Government only indicated its disagreement with the facts as stated by Judd.
 
 
 9
 Findings under Rule 32(c)(3)(D) need not be made with minute specificity. See United States v. Perrera, 842 F.2d 873 (4th Cir.), cert. denied, 488 U.S. 837 (1988). Moreover, a defendant waives for the purpose of collateral attack claimed violations of Rule 32(c)(3)(D) which he did not raise on appeal. To prevail unders 2255, the defendant must show a violation of due process. United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989). Where the defendant does not proffer evidence to support an allegation of inaccuracy in the report but merely states his disagreement, the court's reliance on the report does not itself constitute a violation of due process. Id.; see United States v. Roberson, 896 F.2d 388, 391 (9th Cir. 1990).
 
 
 10
 Judd's objections to the presentence report were conclusory, and he did not produce evidence to support his allegations of inaccuracy. He has failed to carry his burden of showing that the disputed information was "materially inaccurate and that the judge relied on the information." United States v. Tooker, 747 F.2d 975, 978 (5th Cir. 1984), cert. denied, 471 U.S. 1021 (1985). Therefore, he is not entitled to relief on this ground.
 
 
 11
 Judd also contends that the district court did not append its findings to the copies of the presentence report made available to the Bureau of Prisons and Parole Commission. The district court stated in its order that the sentencing transcript was appended to these copies of the report. It appears that a copy of the report with appended transcript has been forwarded to the Parole Commission. Because Judd has been released on parole, the Bureau of Prisons no longer maintains an active file on him. We therefore deny relief on Judd's claims that the appending requirement has not been satisfied.
 
 
 12
 Finally, Judd contends that the district court improperly penalized him at sentencing based on its mistaken belief that he failed to cooperate with the Government. However, in an order denying a previously-filed Fed. R. Crim. P. 35(b) motion, the district court unequivocally stated that Judd's cooperation was not a factor in sentencing. Moreover, there is nothing in the record suggesting the Government recommended a harsher sentence based on Judd's failure to cooperate, nor is there evidence that the court considered it sua sponte.
 
 
 13
 Accordingly, the district court's denial of relief is affirmed in part and reversed in part, and the case is remanded to the district court for correction of Judd's judgment and commitment order deleting the special parole term on count four. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED
 
 
 
 *
 The provisions of § 841(b)(6) in effect at the time of Judd's charged conduct stated, in full:
 In the case of a violation of subsection (a) of this section involving a quantity of marihuana exceeding 1,000 pounds, such person shall be sentenced to a term of imprisonment of not more than 15 years, and in addition, may be fined not more than $125,000. If any person commits such a violation after one or more prior convictions of such person for an offense punishable under paragraph (1) of this paragraph, or for a felony under any other provision of this subchapter, subchapter II of this chapter, or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, and in addition, may be fined not more than $250,000.
 21 U.S.C.A. § 841(b)(6) (West 1981).