12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Robert BALL, Defendant-Appellant.
 No. 93-3743.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 Before: BOGGS and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Byron Robert Ball, a pro se federal prisoner, appeals a district court order denying his motion for correction of sentence filed pursuant to Fed.R.Crim.P. 35(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ball pleaded guilty in 1978 to three counts of kidnapping in violation of 18 U.S.C. Sec. 1201. Following his guilty plea, the district court sentenced Ball to imprisonment for his natural life on each of the three counts. The sentences for counts one and two were ordered to run consecutively, with the sentence for count three to run concurrently. Ball did not appeal.
 
 
 3
 In 1992, Ball filed a motion to correct his allegedly illegal sentence under Rule 35(a). He claimed that the district court's imposition of consecutive sentences for counts one and two violated his double jeopardy protection against multiple punishments because the kidnappings constituted only one violation of the statute. In a further pleading, Ball added as grounds for relief a defective indictment and ineffective assistance of counsel. The district court rejected Ball's contentions and overruled his motion in its entirety in a decision and entry filed on December 15, 1992. On appeal, Ball argues that the district court erred in ruling that the indictment was legally sufficient and in imposing consecutive sentences.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion when it denied Ball's motion. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986).
 
 
 5
 Ball does not challenge the validity of his guilty plea or dispute the fact that he is, in fact, guilty of kidnapping three persons and transporting them across state lines. A valid guilty plea waives all non-jurisdictional defects in the defendant's indictment. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Burrows v. Engle, 545 F.2d 552, 552 (6th Cir.1976) (per curiam). Jurisdictional defects in the indictment are not waived. Valencia v. United States, 923 F.2d 917, 921 (1st Cir.1991).
 
 
 6
 In this case, Ball does challenge the district court's jurisdiction with his argument that the indictment did not specify its jurisdictional basis as required. In order to establish a jurisdictional defect, Ball must show that the indictment on its face fails to state an offense. See O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir.1988) (per curiam). He has failed to show this.
 
 
 7
 The district court did not err in finding Ball's indictment legally sufficient. Under this circuit's interpretation of Rule 7(c)(1), the indictment must satisfy two requirements:
 
 
 8
 Fed.R.Crim.P. 7(c)(1) requires the indictment to set out each element of the statutory violation in order to sufficiently inform the defendant of the offense against which [he] must defend. Hamling v. United States, 418 U.S. 87, 117, reh'g denied, 95 S.Ct. 157 (1974); Allen v. United States, 867 F.2d 969, 971 (6th Cir.1989). The indictment must also be sufficient to bar any subsequent prosecution for the same offense. Hamling v. United States, 418 U.S. at 117; Allen v. United States, 867 F.2d at 971.
 
 
 9
 United States v. Salisbury, 983 F.2d 1369, 1373 (6th Cir.1993). An indictment is generally sufficient if it sets forth the words of the statute itself, as long as the statute itself adequately states all of the elements of the offense. United States v. Holmes, 975 F.2d 275, 285 (6th Cir.1992), cert. denied, 113 S.Ct. 1322 (1993).
 
 
 10
 The indictment handed down by the grand jury in Ball's case easily meets these requirements. Nowhere does Ball claim that he did not have notice of the charge against him or that he was misled by the indictment. Although it does not cite a particular subsection, Ball's indictment clearly states in each count that he is charged with transporting his victim in interstate commerce, tracking the language of subsection (a)(1). Thus, the indictment contained sufficient information to invoke federal jurisdiction, see United States v. Torres, 733 F.2d 449, 454 (7th Cir.), cert. denied, 469 U.S. 864 (1984), and clearly contained on its face all of the elements necessary to state a federal offense.
 
 
 11
 Ball's consecutive sentence issue is meritless because the kidnapping of each separate victim constitutes a separate violation of the statute for which consecutive sentences may be imposed. See United States v. Phillips, 640 F.2d 87, 95-96 (7th Cir.), cert. denied, 451 U.S. 991 (1981). The test enunciated in Blockburger v. United States, 284 U.S. 299 (1932), is inapplicable to Ball's case because he was not charged under different statutes, or even under different subsections of the same statute. See United States v. Hill, 859 F.2d 325, 326 (4th Cir.1988).
 
 
 12
 Ball has not raised his ineffective assistance of counsel issue on appeal. Therefore, it is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In any event, it is meritless.
 
 
 13
 Accordingly, the district court's order, entered on December 15, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.