# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

EDWARD ALVIN MORTON,
          *Petitioner-Appellant,*

          v.                                    No. 02-6007

WILLIAM S. HAINES,
          *Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CA-01-41)

Submitted: March 19, 2002

Decided: April 1, 2002

Before WIDENER and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Edward Alvin Morton, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Edward Alvin Morton seeks to appeal the district court's orders denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001), and his motion for reconsideration.* We have reviewed the record and the district court's opinions and find that the court misapplied the concurrent sentence doctrine because it is not reasonably certain from the record that adverse collateral consequences will not flow from the challenged conviction. *See Benton v. Maryland*, 395 U.S. 784, 787-91 (1969); *United States v. Hill*, 859 F.2d 325, 326 (4th Cir. 1988) (discussing doctrine); *United States v. Webster*, 639 F.2d 174, 182-83 (4th Cir. 1981) (stating that court must be able to "foresee with reasonable certainty that no adverse collateral consequences will redound to the defendant").

Accordingly, we grant a certificate of appealability, vacate the district court's orders, and remand for further proceedings. We express no opinion on the timeliness of Morton's § 2254 petition, *see Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), or on the merits of Morton's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*Although the district court construed the motion for reconsideration as being filed under Fed. R. Civ. P. 60(b), the motion was filed no later than ten days after entry of judgment and, therefore, should have been construed as a motion under Fed. R. Civ. P. 59(e). *See Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996).