GOOCH *v.* UNITED STATES.

No. 559.   Argued January 13, 14, 1936.—Decided February 3, 1936.

*Mr. W. F. Rampendahl,* with whom *Mr. E. M. Frye* was on the brief, for Gooch.

*Mr. Gordon Dean,* with whom *Solicitor General Reed, Assistant Attorney General Keenan,* and *Mr. William W. Barron* were on the brief, for the United States.

Mr. JUSTICE McREYNOLDS delivered the opinion of the Court.

By permission of § 346, 28 U. S. C., the Circuit Court of Appeals, 10th Circuit, has certified two questions and asked instruction.

"1. Is holding an officer to avoid arrest within the meaning of the phrase, 'held for ransom or reward or

otherwise', in the act of June 22, 1932, as amended May 18, 1934 (48 Stat. 781), 18 U. S. C. A. 408a?

"2. Is it an offense under Section 408a, *supra,* to kidnap and transport a person in interstate commerce for the purpose of preventing the arrest of the kidnaper?"

The statement revealing the facts and circumstances out of which the questions arise follows—

"Gooch was convicted and sentenced to be hanged under an indictment charging that he, with one Nix, kidnaped two officers at Paris, Texas, 'for the purpose of preventing his (Gooch's) arrest by the said peace officers in the State of Texas,' and transported them in interstate commerce from Paris, Texas, to Pushmataha County, Oklahoma, and at the time of the kidnaping did bodily harm and injury to one of the officers from which bodily harm the officer was suffering at the time of his liberation by Gooch and Nix in Oklahoma.

"The proof supports the charge. It established these facts: Gooch and Nix, while heavily armed, were accosted by the officers at Paris, Texas. To avoid arrest, Gooch and Nix resisted and disarmed the officers, unlawfully seized and kidnaped them and transported them by automobile from Texas to Oklahoma, and liberated them in the latter State. During the time Gooch and Nix were kidnaping the officers they inflicted serious bodily injury upon one of the officers, from which injury he was suffering at the time of such liberation in the State of Oklahoma."

The Act of June 22, 1932, c. 271, 47 Stat. 326, provided—

"That whoever shall knowingly transport or cause to be transported, or aid or abet in transporting, in interstate or foreign commerce, any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward shall, upon convic-

tion, be punished by imprisonment in the penitentiary for such term of years as the court, in its discretion, shall determine."

The amending Act of May 18, 1934, c. 301, 48 Stat. 781, 18 U. S. C. 408a, declares—

"Whoever shall knowingly transport or cause to be transported, or aid or abet in transporting, in interstate or foreign commerce, any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward *or otherwise, except, in the case of a minor, by a parent thereof,* shall, upon conviction, be punished (1) by death if the verdict of the jury shall so recommend, provided that the sentence of death shall not be imposed by the court if, prior to its imposition, the kidnaped person has been liberated unharmed, or (2) if the death penalty shall not apply nor be imposed the convicted person shall be punished by imprisonment in the penitentiary for such term of years as the court in its discretion shall determine: . . ."

Counsel for Gooch submit that the words "ransom or reward" import "some pecuniary consideration or payment of something of value"; that as the statute is criminal the familiar rule of *ejusdem generis* must be strictly applied; and finally, it cannot properly be said that a purpose to prevent arrest and one to obtain money or something of pecuniary value are similar in nature.

The original Act (1932) required that the transported person should be held "for ransom or reward." It did not undertake to define the words and nothing indicates an intent to limit their meaning to benefits of pecuniary value. Generally, reward implies something given in return for good or evil done or received.

Informed by experience during two years, and for reasons satisfactory to itself, Congress undertook by the 1934 Act to enlarge the earlier one and to clarify its pur-

pose by inserting "or otherwise, except, in the case of a minor, by a parent thereof," immediately after "held for ransom or reward." The history of the enactment emphasized this view.

The Senate Judiciary Committee made a report, copied in the margin,[1] recommending passage of the amending bill and pointing out the broad purpose intended to be accomplished.

The House Judiciary Committee made a like recommendation and said—

---

[1] "The Committee on the Judiciary, having had under consideration the bill (S. 2252) to amend the act forbidding the transportation of kidnaped persons in interstate commerce, reports the same favorably to the Senate and recommends that the bill do pass.

"The purpose and need of this legislation are set out in the following memorandum from the Department of Justice:

" S. 2252; H. R. 6918: This is a bill to amend the act forbidding the transportation of kidnaped persons in interstate commerce—act of June 22, 1932 (U. S. C., ch. 271, title 18, sec. 408a), commonly known as the 'Lindbergh Act.' This amendment adds thereto the word 'otherwise' so that the act as amended reads: 'Whoever shall knowingly transport . . . any person who shall have been unlawfully seized . . . and held for ransom or reward or otherwise shall, upon conviction, be punished . . .' The object of the addition of the word 'otherwise' is to extend the jurisdiction of this act to persons who have been kidnaped and held, not only for reward, but for any other reason.

"In addition, this bill adds a proviso to the Lindbergh Act to the effect that in the absence of the return of the person kidnaped and in the absence of the apprehension of the kidnaper during a period of 3 days, the presumption arises that such person has been transported in interstate or foreign commerce, but such presumption is not conclusive.

"I believe that this is a sound amendment which will clear up border-line cases, justifying Federal investigation in most of such cases and assuring the validity of Federal prosecution in numerous instances in which such prosecution would be questionable under the present form of this act." S. Rep. 534, 73d Cong., 2d Sess., March 22, 1934.

"This bill, as amended, proposes three changes in the act known as the 'Federal Kidnaping Act.' First, it is proposed to add the words 'or otherwise, except, in the case of a minor, by a parent thereof.' This will extend Federal jurisdiction under the act to persons who have been kidnaped and held, not only for reward, but for any other reason, except that a kidnaping by a parent of his child is specifically exempted. . . ." H. Rep. 1457, 73d Cong., 2d Sess., May 3, 1934.

Evidently, Congress intended to prevent transportation in interstate or foreign commerce of persons who were being unlawfully restrained in order that the captor might secure some benefit to himself. And this is adequately expressed by the words of the enactment.

The rule of *ejusdem generis*, while firmly established, is only an instrumentality for ascertaining the correct meaning of words when there is uncertainty. Ordinarily, it limits general terms which follow specific ones to matters similar to those specified; but it may not be used to defeat the obvious purpose of legislation. And, while penal statutes are narrowly construed, this does not require rejection of that sense of the words which best harmonizes with the context and the end in view. *United States* v. *Hartwell*, 6 Wall. 385, 395; *Johnson* v. *Southern Pacific Co.*, 196 U. S. 1–17, 18; *United States* v. *Bitty*, 208 U. S. 393, 402; *United States* v. *Mescall*, 215 U. S. 26–31, 32.

Holding an officer to prevent the captor's arrest is something done with the expectation of benefit to the transgressor. So also is kidnaping with purpose to secure money. These benefits, while not the same, are similar in their general nature and the desire to secure either of them may lead to kidnaping. If the word reward, as commonly understood, is not itself broad enough to include benefits expected to follow the prevention of an arrest, they fall within the broad term, "otherwise."

The words "except, in case of a minor, by a parent thereof" emphasize the intended result of the enactment. They indicate legislative understanding that in their absence a parent, who carried his child away because of affection, might subject himself to condemnation of the statute. *Brown* v. *Maryland,* 12 Wheat. 419, 438.

Both questions must be answered in the affirmative.