**SANFORD v. UNITED STATES.**

No. 13684.

Circuit Court of Appeals, Eighth Circuit.

July 15, 1948.

Norman Sanford, Jr., pro se.

Sam M. Wear, U. S. Atty., and Thomas A. Costolow, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before GARDNER, WOODROUGH, and COLLET, Circuit Judges.

WOODROUGH, Circuit Judge.

The appellant is serving a sentence imposed upon him on his plea of guilty to an indictment which charged him and others named therein with violation of the Federal Kidnapping Act, § 1, 18 U.S.C.A. § 408 a, the relevant part of which reads:

"Whoever shall knowingly transport or cause to be transported, or aid or abet in transporting, in interstate or foreign commerce, any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall, upon conviction, be punished * * *."

After the expiration of the term of court at which he was sentenced appellant filed a motion in the same court to vacate the judgment on the ground that the indictment did not charge an offense within the provisions of the Act and was therefore void. The court accorded a hearing on the motion and on full consideration denied it, setting forth the reasons and citing the cases in a carefully prepared opinion filed in the case. This appeal is taken to reverse the ruling.

The charge of the indictment attacked by appellant was that this appellant and others "did wilfully, knowingly, unlawfully and feloniously transport and cause to be transported in interstate commerce from Kansas City, Kansas, to a point near 12th and Summit Streets in Kansas City, Missouri, one David M. Edwards, who had theretofore been unlawfully seized, abducted, kidnaped and carried away in a motor vehicle by force and by threats and against his will, by them, the said Norman Sanford, Jr. [and others] for the purpose of robbing the person of him, the said David M. Edwards * * *."

The appellant contends that the indictment did not charge the offense defined in

the statute because it did not contain an allegation that the David M. Edwards said to have been kidnapped and transported in interstate commerce was "held" for the said purpose of robbing his person.

The Supreme Court considered the meaning and scope of the Act as amended, in Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 397, 80 L.Ed. 522, and settled that the Act is not limited to kidnappings involving transportation in interstate commerce committed for the purpose of holding the victims for ransom but broadly prohibits transportation in interstate commerce of persons who were being unlawfully restrained "in order that the captor might secure some benefit to himself." The case was submitted to the Supreme Court upon two questions certified by the Circuit Court of Appeals, 10th Circuit, and the answer given by the Court to the first question established that the phrase of the Act "held for ransom or reward or otherwise", includes the act of holding a peace officer for the purpose of preventing the officer from arresting the actor. The appellant here, according to the indictment, committed the kidnapping and interstate transportation for the purpose of robbing the person of the victim and no distinction can be drawn on principle between his acts and purpose and the acts and purpose of the defendants in the Gooch case. The decision in the Gooch case is conclusive that appellant's acts committed for the purpose stated in the indictment against him were criminal within the meaning of the Act.

Answering the second question presented in the Gooch case, the Supreme Court declared that it is an offense under the Act to kidnap and transport a person in interstate commerce for a purpose included in the quoted phrase. The fact in the Gooch case, as stated by the court, was that when Gooch and his confederate had kidnapped and transported their victims from Texas to Oklahoma they liberated them in the latter state. There was no such additional holding of the victims of the kidnapping as appellant contends is an essential element of the crime prescribed by the Act. Therefore the court's declaration made in full view of the absence of such

additional "holding" of the victims in the case before it, refutes appellant's contention. His offense was complete under the statute without any other or additional "holding" of the victim of his kidnapping and transportation than the "holding" which was implicit in the indictment's charge that he and others "unlawfully seized, abducted, kidnaped and carried away in a motor vehicle by force * * * against his will * * * for the purpose of robbing the person of him, the said David M. Edwards * * *."

We find no error in the order appealed from.

Affirmed.