## UNITED STATES v. McGRADY et al.

### No. 10404.

United States Court of Appeals
Seventh Circuit.
Oct. 4, 1951.

**830**

was that defendants on or about September 3, 1950, knowingly and unlawfully seized, kidnapped and transported George A. Phelps and Alice L. Tucker in interstate commerce from Manhattan, Indiana, to Paris, Illinois. In general, two points are argued for reversal.

While none of the defendants testified or offered any evidence, they insist that the facts developed on cross-examination of the Government's witnesses established that there was no kidnapping under the statute.

 The statute in question provides: "(a) Whoever knowingly transports in interstate * * * commerce, any person who has been unlawfully seized, * * * kidnapped * * * or carried away and held for ransom * * * or otherwise, * * * shall be punished * * *." In considering this statute the Supreme Court in Gooch v. United States, *297 U.S. 124, 128, 56 S.Ct. 395, 397, 80 L.Ed. 522*, held that the Act broadly prohibited transportation in interstate commerce of persons who were being unlawfully restrained "in order that the captor might secure some benefit to himself." And in Chatwin v. United States, *326 U.S. 455, 460, 66 S.Ct. 233, 90 L.Ed. 198*, the Court recognized that the holding or restraint could be achieved by mental as well as by physical means. See also Sanford v. United States, 8 Cir., 169 F.2d 71, and United States v. Bazzell, 7 Cir., 187 F.2d 878.

 It would serve no useful purpose to recite in detail the evidence which plaintiff adduced to prove the allegations of the indictment. The jury is the fact finding body. It judges the credibility of witnesses and draws the ultimate conclusions as to the facts, hence we must test the sufficiency of the proof upon the basis of what the jury had the right to believe, and not upon what defendants claim the jury should have believed. The evidence so adduced overwhelmingly established that while Phelps' automobile was parked in a schoolhouse yard near Manhattan, Indiana, defendants, escapees of an Indiana penal institution, dressed

Fredrick J. Capp, Indianapolis, Ind., for appellants.

Matthew E. Welsh, U. S. Atty., Marshall E. Hanley, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before KERNER, FINNEGAN, and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

This appeal brings up for review a judgment of conviction and sentence after a jury had found defendants guilty under an indictment charging kidnapping in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201. The gist of the charge

in blue overalls and khaki shirts, approached the automobile in which Phelps and Miss Tucker were sitting. Paulding carried a rock. He demanded that Phelps drive him and the other two defendants into Illinois. The defendants entered the automobile. McGrady sat in the front seat with Phelps and Miss Tucker, and placed his hand over her mouth to prevent her from screaming. Paulding and Brown sat in the back seat, and Brown held Miss Tucker. One of the defendants told Phelps that they had knives and there was no use for him to try to fight. Thereupon Phelps drove his automobile with Miss Tucker and the defendants to a place near Paris, Illinois. Phelps testified that he had no chance to escape during the journey; that he was afraid to leave Miss Tucker at the mercy of the defendants, and throughout the journey felt that he had no choice but to do as he was directed by defendants; that he at no time wanted to aid defendants in escaping, and that the entire journey was not of his choice.

Miss Tucker testified that one of the defendants stopped her from screaming by putting his hand over her mouth; that he told her they were escapees from the Penal Farm and that they had rocks and knives, but that if Phelps would drive them, there would be no trouble.

Applying the principles enunciated in the Gooch and Chatwin cases already cited, we think these facts were clearly sufficient to justify the conviction, and that no error was committed by the court in denying defendants' motion for a judgment of acquittal.

■ The second point urged is that the court erred in denying defendants' motion for a new trial. The basis of this contention is that during the trial the jury left the court room to retire to a restroom while Phelps was standing in the hallway in close proximity to some of the jurors. It is claimed that if any remarks had been made by Phelps, they could have been heard by the jurors.

The record does not disclose that any remarks were in fact made in the presence of the jurors. It does, however, disclose that defendants knew of the incident just related before the trial had been concluded. But it was not called to the trial judge's attention, nor was he asked to rule in the matter before the jury retired to consider the verdict.

We desire to express our appreciation of the able service rendered by appointed counsel, Mr. Capp, but must conclude that on the whole record the guilt of the defendants is clear, the trial accorded them was entirely fair, and no error was committed in the denial of the motion for a new trial.

Affirmed.