Ernest Santiago **DE HERRERA,**
Appellant,

v.

**UNITED STATES** of America,
Appellee.

**No. 7843.**

United States Court of Appeals
Tenth Circuit.

Dec. 14, 1964.

F. Dale Crabtree, Oklahoma City, Okl., for appellant.

John Quinn, U. S. Atty. (Ruth C. Streeter, Asst. U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant and two others were indicted for the interstate transportation of a kidnaped person and found guilty by a jury. In this direct appeal from the 7-

year sentence imposed by the trial court, appellant attacks the sufficiency of the indictment and the refusal of the court to grant his motion for a separate trial.

The offense proscribed by the statute, 18 U.S.C. § 1201(a), is the knowing transportation in interstate commerce of a person kidnaped and "held for ransom or reward or otherwise" and the severity of the punishment depends on whether such person is liberated unharmed.[1] The indictment charges the kidnaping and transportation of Gloria Jean Galvez and says that she was held "for the purpose of taking indecent liberties with her person and of making an assault upon her." Counsel for appellant argues that the quoted phrase does not satisfy the statute because it is too vague to indicate that such liberties caused harm.

 The use in the statute of the words "or otherwise" shows an intent of Congress to include within the offense any holding of a kidnaped person for a purpose desired by the captor and negatives the need for ransom or reward.[2] The generality of the phrase encompasses a holding for the purpose of taking indecent liberties.[3] The statute does not require that the kidnaping and holding cause harm to the person kidnaped. The matter of harm relates only to punishment.[4] In our opinion the indictment is sufficient.

Appellant was not prejudiced by the denial of his motion for a separate trial. No statement of one defendant implicating a co-defendant was received in evidence. The grant of a severance is within the discretion of the trial court[5] and that discretion was not abused.

Affirmed.

---

1. 18 U.S.C. § 1201(a) reads thus:
   "Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

2. See Gooch v. United States, 297 U.S. 124, 127, n. 1, 56 S.Ct. 395, 80 L.Ed. 522. The statute specifically excludes the taking of a minor by a parent.

3. Compare Davidson v. United States, 8 Cir., 312 F.2d 163 (sexual molestation); United States v. Bazzell, 7 Cir., 187 F.2d 878, certiorari denied 342 U.S. 849, 72 S. Ct. 73, 96 L.Ed. 641 (prostitution); Sanford v. United States, 8 Cir., 169 F.2d 71 (robbery); and United States v. Dressler, 7 Cir., 112 F.2d 972 (escape). See also Eidson v. United States, 10 Cir., 272 F.2d 684.

4. See Robinson v. United States, 6 Cir., 144 F.2d 392, affirmed 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944.

5. DeVault v. United States, 10 Cir., 338 F.2d 179; Baker v. United States, 10 Cir., 329 F.2d 786, 787; Maupin v. United States, 10 Cir., 225 F.2d 680, 682.