James William **DAULTON**, Defendant-Appellant,

v.

**UNITED STATES** of America,
Plaintiff-Appellee.

No. 72–1891.

United States Court of Appeals,
Sixth Circuit.

March 1, 1973.

Kelley Asbury (Court Apptd.), Catlettsburg, Ky., for defendant-appellant.

Eugene E. Siler, Jr., U. S. Atty., Eldon L. Webb, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

Appellant was indicted, convicted and sentenced for violation of 18 U.S.C. § 1201, the federal kidnapping statute. He contends that the use of the phrase "or otherwise" in sub-section (a) [1] renders the statute unconstitutionally vague. Appellant argues that one person might feel compelled to transport another person across a state line for the other person's own safety, even though against his will. The quoted language would make the person so acting subject to imprisonment, he maintains, even though his sole purpose was to protect the person he had transported.

The amendment to the Federal Kidnaping Act which added the phrase "or otherwise" was construed in Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522 (1936) as being for the purpose of preventing the transportation of unlawfully restrained persons in interstate commerce "in order that the captor might secure some benefit to himself." 297 U.S. at 128, 56 S.Ct. at 397. See also, United States v. McGrady, 191 F.2d 829 (7th Cir. 1951), cert. denied 342 U.S. 911, 72 S.Ct. 305, 96 L.Ed. 681 (1952). The obvious pur-

---

1. 18 U.S.C. § 1201(a) provides, in part: Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished . . . .

pose of Sec. 1201 is too plain to warrant the assertion that any person of ordinary intelligence would fail to understand what conduct it forbids. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954).

The evidence in this case was that the defendant robbed his victim of $100.00 at gunpoint and then ordered him to drive from Ohio to Kentucky, still at gunpoint. The facts of this case are quite different from the hypothetical situation posed in defendant-appellant's brief. Since the statute is constitutional as applied to the facts of this case, defendant-appellant has no standing to attack it on the ground that, as applied to other persons or in other situations, it might be unconstitutional. United States v. Raines, 362 U.S. 17, 21, 80 S. Ct. 519, 4 L.Ed.2d 524 (1960).

The judgment of the District Court is affirmed.