Joseph F. WALKER, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–1105.

District of Columbia Court of Appeals.

Argued Nov. 4, 1992.
Decided Dec. 11, 1992.

Thomas G. Ross, appointed by this court, for appellant.

Nancy E. Smith, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Jeffrey R. Ragsdale, Asst. U.S. Attys., were on the brief, for appellee.

Before FERREN, SCHWELB and KING, Associate Judges.

SCHWELB, Associate Judge:

Walker was convicted by a jury of kidnaping. On appeal, he claims that the evidence was insufficient to support his conviction, that the trial judge erroneously declined to instruct the jury on purported lesser-included offenses (LIO's), and that Walker was denied a fair trial as a result of allegedly improper prosecutorial argument. We affirm.

## I

The government's evidence, if credited, showed that Walker was a pimp and that Ebony Davis had been working for him as a prostitute. Ms. Davis became dissatisfied with this arrangement, in part because Walker threatened and beat her. She went to the police for assistance.

As a result, Walker was arrested. He complained to the police that "[t]he bitch set us up," adding that "it was Ebony that did it." A few days later, according to Ms. Davis, Walker walked up to her and said he was going to kill her. Shortly after that, Ms. Davis saw Walker on the street. Fearing retribution, she ran indoors.

Not long after these events, Walker came to see Ms. Davis while she was at a delicatessen. Using threatening language, he demanded to speak with her. After some temporizing, Ms. Davis agreed. As she walked out of the establishment, one Lloyd, a confederate of Walker, grabbed her from behind and held her by her windpipe. With Walker's assistance, Lloyd dragged Ms. Davis into a Chrysler automobile. In the car, in compliance with Walker's direction, Lloyd handcuffed Ms. Davis' hands behind her back.

Walker drove Ms. Davis to a deserted alley, where he and Lloyd pulled her out and stood her up against a dumpster. The terrified Ms. Davis tried to make her escape, but Lloyd grabbed and choked her. Walker announced that he had to go get "the thing," an entity not otherwise defined. He directed Lloyd to hold Ms. Davis until he (Walker) returned. Walker then drove away.

After Walker's departure, Ms. Davis saw car headlights, and screamed. It turned out that the vehicle was a police car, and officers rescued a very frightened Ms. Davis. Lloyd fled with alacrity. Ms. Davis never saw him again.

Walker soon returned to the alley in the Chrysler, but sped away when he observed police vehicles which had assembled there. Officers pursued and ultimately apprehended him. Walker was indicted, brought to trial, and convicted of kidnaping. This appeal followed.

## II

Our kidnaping statute prohibits the seizure and detention of any person against his or her will "for ransom or reward *or otherwise.*" D.C.Code § 22-2101 (1989) (emphasis added). Walker contends that the evidence against him was insufficient because the prosecution failed to prove that Walker derived any benefit from seizing Ms. Davis. We disagree.

■ In evaluating a claim of evidentiary insufficiency, we view the evidence in the light most favorable to the prosecution, with due regard for the jury's right to weigh the evidence, to assess credibility, and to draw reasonable inferences. *Mills v. United States*, 599 A.2d 775, 780 (D.C. 1991). Applying that standard, we are satisfied that an impartial jury could reasonably conclude that Walker seized Ms. Davis in order to obtain revenge for her having left him and for reporting him to the police.

■ Involuntary seizure and detention "is the very essence of the crime of kidnapping." *Chatwin v. United States*, 326 U.S. 455, 464, 66 S.Ct. 233, 237, 90 L.Ed. 198 (1946). The insertion into the statute of the words "or otherwise" indicates a congressional intent that the statute be given a broad application. *United States v. Wolford*, 144 U.S.App.D.C. 1, 5–6, 444 F.2d 876, 880–81 (1971). The motive behind a kidnaping is unimportant, so long as the act was

"done with the expectation of benefit to the transgressor." *Id. (quoting Gooch v. United States*, 297 U.S. 124, 128, 56 S.Ct. 395, 397, 80 L.Ed. 522 (1936)). "[T]he detention may be for any purpose that the defendant believes might benefit him." *Davis v. United States*, 613 A.2d 906, 912 (D.C.1992).

■ The legislative history of § 22-2101 discloses that the words "or otherwise" make the statute "applicable to those kidnapings in which the motive is lust, a desire for companionship, *revenge*, or some other motive not involving ransom or reward." H.R. REP. NO. 1129, 89th Cong., 1st Sess. 2 (1965) (emphasis added); *see Wolford, supra,* 144 U.S.App.D.C. at 6, 444 F.2d at 881. There being ample evidence that Walker was motivated by revenge, the evidence was sufficient to convict him.

## III

■ Prior to closing argument, the judge discussed proposed jury instructions with counsel. Walker's attorney asked if the judge would give "the lesser included charge of assault with intent to kidnap." The prosecutor argued that "it is either kidnaping or not in this case." The judge stated that he did not "think there is evidence of the lesser included." The LIO issue was never raised again at trial. On appeal, however, Walker claims that the judge erred in failing to instruct the jury either on assault with intent to kidnap or on assault.[1]

■ The government argues, with some force in our view, that assault with intent to kidnap is not a lesser included offense of kidnaping.[2] We need not decide

---

1. Walker's counsel did not request an instruction on "simple" assault, and we discern no plain error in the judge's failure to instruct the jury, *sua sponte,* with respect to that offense. *See* Super.Ct.Crim.R. 30; *Watts v. United States,* 362 A.2d 706 (D.C.1976) (en banc).

2. A defendant is not entitled to a lesser-included offense instruction unless all of the elements of the lesser offense are included within the offense charged. *Rease v. United States,* 403 A.2d 322, 328 (D.C.1979). The government contends that assault with intent to kidnap does not quali-

fy as a lesser included offense of kidnaping, because it contains an element which kidnaping does not. *See Schmuck v. United States,* 489 U.S. 705, 716–17, 109 S.Ct. 1443, 1450–51, 103 L.Ed.2d 734 (1989) (LIO analysis addresses only the statutory elements, not the evidence); *see also Byrd v. United States,* 598 A.2d 386, 389 n. 5 (D.C.1991) (en banc).

Specifically, assault with intent to kidnap necessarily presupposes an assault. Assault, in the traditional sense, requires an effort, with force or violence, to injure another. *[Nathaniel] Robinson v. United States,* 506 A.2d 572, 574 (D.C.

that question,[3] however, because, even if assault with intent to kidnap were deemed to be a lesser included offense of kidnaping, we discern no basis on this record for the notion that Walker committed such an assault but not a kidnaping.

The seizure and detention of Ms. Davis against her will is the essence of the charged offense. *Chatwin, supra,* 326 U.S. at 464, 66 S.Ct. at 237. There is no question that Ms. Davis was seized and detained, and that her seizure and detention were completed deeds rather than plans for the future. To find that Ms. Davis was assaulted with the intent to kidnap her, but was not kidnaped, would therefore be patently irrational. "It is precisely this kind of 'bizarre reconstruction' of the evidence that trial judges should refrain from encouraging jurors to undertake." *Wood v. United States,* 472 A.2d 408, 410 (D.C.1984) (quoting *United States v. Sinclair,* 144 U.S.App.D.C. 13, 14–15, 444 F.2d 888, 889–90 (1971)); *see also Brooks v. United States,* 599 A.2d 1094, 1099 (D.C.1991). "[A] lesser included offense instruction may not be given simply to permit the defendant to plead for mercy." *Moore v. United States,* 599 A.2d 1381, 1384 n. 4 (D.C.1991).

## IV

In closing argument, the prosecutor stated that

the defendant start[ed] talking about I'm gonna get my thing.... There's no question it was gonna be, it was gonna be a gun, and you know what was gonna happen had he not been caught.

He indicated that Walker's purpose was "to retaliate, perhaps execute Ms. Davis, certainly to teach her a lesson and discuss what was going on." There was no defense objection, but Walker's counsel responded in his own closing argument by pointing out that the police searched Walker and his car and found no weapon. Assuming, *arguendo,* that the prosecutor's remarks went beyond permissible comment on the evidence, we cannot say that they were so unfair that the judge committed "plain error" by failing to intervene *sua sponte. Mills, supra,* 599 A.2d at 787. Defense counsel's failure to object might well have been based on a determination that the best strategy would be to let the argument be made and then to expose its weakness by pointing out that no gun was recovered.

## V

For the foregoing reasons, Walker's conviction must be and it is hereby

*Affirmed.*

---

1986). A more recently recognized variation of the offense, known as "intent-to-frighten" assault, requires proof that the defendant intended either to cause injury or to create apprehension in the victim by engaging in threatening conduct. *Id.*

Kidnaping, according to the government, requires neither an effort to injure nor an attempt to create apprehension. The proscribed seizure and detention may be accomplished through enticing, inveigling, or decoying another. *See* § 22–2101. If, for example, a defendant were to lure the victim through a ruse and prevent her escape through hypnosis, there would arguably be a kidnaping but no assault. Accordingly, the government's argument goes, the elements of assault with intent to kidnap are not "included in" the elements of kidnaping.

**3.** One reason for our reluctance to decide on this record whether assault with intent to kidnap is a lesser included offense of kidnaping is that Walker has addressed the point quite perfunctorily. The issue therefore lacks "that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multi-faceted situation...." *United States v. Fruehauf,* 365 U.S. 146, 157, 81 S.Ct. 547, 554, 5 L.Ed.2d 476 (1961).