**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEMETRIUS R. HARGROVE,

    Defendant-Appellant.

No. 99-3298

(D.C. No. 98-CR-20033-02-GTV)
(D.Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL** and **BRISCOE,** Circuit Judges, and **COOK**, District Judge.[**]

Appellant Demetrius R. Hargrove was convicted of one count of kidnaping and one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) & 1201. He was sentenced as a career offender and received 360 months for the kidnaping charge and 5 years to be served consecutively for the firearm charge. He now appeals the conviction and the district court's classification

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable H. Dale Cook, Senior United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

of him as a career offender.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

**Background**

Evidence presented at trial showed appellant and Chris Trotter kidnaped the victim, Tyrone Richards, in April 1998.  Appellant, Trotter and a third person, Shedrick Kimbrel, drove from Kansas City, Kansas to Leavenworth, Kansas.  Upon arriving in Leavenworth, appellant and Trotter left the car and returned approximately fifteen minutes later with Richards.  Richards was crying as he got into the car.  Kimbrel testified appellant and Trotter were both carrying firearms at the time.

With Richards in the car, appellant drove across a bridge into Missouri to purchase gas and then drove back into Kansas.

Back in Kansas, appellant jumped out of the car when a passing police car turned around to follow and turned on its lights.  Kimbrel, Trotter and Richards remained in the car and were later stopped by Leavenworth police.

On May 8, 1998, appellant and Trotter were charged with the kidnaping of Richards and using and carrying a firearm during and in relation to a crime of violence.  Following a jury trial on May 27, 1999, appellant was convicted on both counts.  He now raises six issues on appeal.

**Discussion**

I.      **Whether the district court erred in determining that the time from the filing of appellant's first pretrial motion to the May 3, 1999, hearing was excludable**

-2-

**under the Speedy Trial Act.**

The district court's application of the legal standards of the Speedy Trial Act are reviewed *de novo* and its underlying factual findings are reviewed for clear error. United States v. Hill, 197 F.3d 436, 441 (10th Cir. 1999).

The Speedy Trial Act requires the commencement of trial within seventy days from the filing date of the information or indictment or from the date the defendant appeared before a judicial officer of the court in which the charge is pending, whichever occurs last. 18 U.S.C. § 3161(c)(1). Certain periods of delay, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion," are excluded in computing the time within which the trial of an offense must commence. 18 U.S.C. § 3161(h)(1)(F).

Appellant was first brought before a magistrate November 5, 1998. Appellant's attorney, Joe Johnson, filed pretrial motions on his behalf November 24, 1998. From November 24, 1998, to February 22, 1999, Johnson and his associate, Melanie Morgan, filed motions on behalf of appellant. Due to differences with appellant, Johnson and Morgan moved to withdraw as counsel for appellant, February 22, 1999. The district court granted this motion March 8, 1999, and advised that appellant's next appearance would be set after new counsel was appointed. Steven Schweiker was appointed to represent appellant March 23, 1999. A hearing was set for April 12, 1999. Schweiker filed additional pretrial motions on behalf of appellant April 23, 1999, including a motion

to adopt the pending pretrial motions filed by Johnson and Morgan. All motions were heard on May 3, 1999. Trial commenced May 24, 1999. The district court found the time from the filing of appellant's first pretrial motion on November 24, 1998, to the May 3, 1999, hearing was excludable.

Appellant claims he did not approve the motions filed by Johnson and Morgan before the motions were filed. However, we find nothing in the Speedy Trial Act that requires prior knowledge or agreement as a prerequisite to excluding time under 18 U.S.C. § 3161(h)(1)(F).

The five-and-a-half month delay from appellant's first appearance to the commencement of trial was due to the pretrial motions filed by appellant's attorneys. 18 U.S.C. § 3161(h)(1)(F) excludes this period of delay from a speedy trial calculation. Based upon our *de novo* review, we conclude the district court did not err in finding the period of time from November 24, 1998, to May 3, 1999, was excludable.

**II.** **Whether the court abused its discretion in allowing the government to introduce, in violation of the motion in limine, evidence of the kidnap victim's murder and evidence of an attempt to murder a government witness.**

A district court's determination regarding the admissibility of evidence is reviewed for an abuse of discretion. United States v. Davis, 40 F.3d 1069, 1073 (10th Cir. 1994).

Before trial, the district court granted a motion in limine excluding, among other evidence, evidence of the kidnap victim's death and evidence of a threat made against a witness. During cross-examination, defense counsel questioned Kimbrel and Joshua Hunt

about payments each received from the FBI. Through this questioning, defense counsel attempted to infer that Kimbrel and Hunt were paid witnesses who would testify to anything to please the FBI. To rebut this inference, the government sought permission from the district court to question Kimbrel and Hunt about the reasons each witness received payments from the FBI.

The government offered a proffer that the FBI paid Kimbrel and Hunt to allow them to leave town after Richards, the kidnap victim, was killed. Over defense counsel's objection, the district court allowed the government to question Kimbrel and Hunt concerning the reasons for FBI payments stating that irrespective of the court's earlier ruling excluding such testimony, defense counsel had opened the door to this evidence through its questioning concerning the reasons for the FBI payments. The district court allowed the testimony despite its possible prejudicial effect stating that defense counsel "asked about it . . . and the Government's entitled to explain." The district court also emphasized that even though it ruled evidence of the kidnap victim's death was not admissible to prove appellant's guilt, its ruling did not preclude the possibility that the evidence would be admissible for some other purpose. Even though the district court excluded the evidence before trial, the district court acted within its discretion in admitting the evidence after defense counsel opened the door on cross-examination. *See* McEwen v. City of Norman, Oklahoma, 926 F.2d 1539, 1547 (10th Cir. 1991) (allowing testimony to rebut inference raised by defense during cross-examination). It is also clear

that the district court considered the possible prejudicial effects of admission of this testimony and concluded the testimony was admissible under Federal Rule of Evidence 403.[1]

We find no indication that the district court abused its discretion in admitting this testimony.

**III.** **Whether the jury's verdict on Count 1was supported by sufficient evidence that the victim was held against his will at the time a state line was crossed?**

**IV.** **Whether the jury's verdict on Count 1 was supported by sufficient evidence that the victim was held for ransom, reward or other reason.**

**V.** **Whether the jury's verdict on Count 2 was supported by sufficient evidence that defendant used a firearm at the time a state line was crossed.**

In reviewing the sufficiency of the evidence the Court will examine the evidence in the light most favorable to the government in order to determine whether the evidence, both direct and circumstantial, together with all reasonable inferences to be drawn therefrom is substantial enough to establish guilt beyond a reasonable doubt. United States v. Willis, 102 F.3d 1078, 1083 (10th Cir. 1996).

Appellant claims the jury's verdict on the kidnaping charge was not supported by

---

[1] That the district court did not give a limiting instruction or consider "evidentiary alternatives" under Rule 403 does not establish reversible error. Hargrove neither requested an instruction nor presented "alternatives" during the course of trial. "[W]e review only for plain error" when a defendant fails to request a limiting instruction, United States v. Pedraza, 27 F.3d 1515, 1525 (10th Cir. 1994), and the omission of an instruction in these circumstances "is not plain error unless the error may have caused a verdict not warranted under the law or 'where it is apparent on the face of the record that a miscarriage of justice may occur.'" Gilbert v. Cosco, Inc., 989 F.2d 399, 404 (10th Cir. 1993) (citation omitted). Suffice it to say that no "miscarriage of justice" is apparent on the face of the record in this case.

sufficient evidence because no evidence was presented that the victim was held against his will at the time a state line was crossed and no evidence was presented that the victim was held for "ransom, reward, or otherwise" as required by 18 U.S.C. § 1201. Considering the evidence in the light most favorable to the government, we find sufficient evidence was presented to support the guilty verdict.

Kimbrel testified the victim was crying when appellant and Trotter brought him to the car. Kimbrel also stated appellant and Trotter were both armed when they left the car and returned with the victim. Kimbrel's testimony and other evidence presented at trial was sufficient to support a finding that the victim was held against his will.

Kimbrel testified that after appellant and Trotter returned to the car with the victim, appellant drove the car across the bridge into Missouri to purchase gas. This testimony was sufficient to allow the jury to find that a state line had been crossed during the kidnaping. *See* United States v. Floyd, 81 F.3d 1517, 1525 (10th Cir. 1996) (indicating that in order to prove kidnaping government required to show victim transported across state line).

Appellant also claims no evidence was presented to show the victim was held for "ransom, reward, or otherwise." We have held that to prove this element, it is sufficient for the government to show a defendant has kidnaped the victim for any reason which would be of benefit to the defendant. United States v. Walker, 137 F.3d 1217, 1220 (10th Cir. 1998); United States v. Sarracino, 131 F.3d 943, 947 (10th Cir. 1997); De Herrera v.

United States, 339 F.2d 587, 588 (10th Cir. 1964).  Hunt's testimony showed that appellant was looking for the victim because appellant believed the victim had been talking to police about a crime for which appellant could have received "a hard 40." From Hunt's testimony, the jury could have determined that appellant sought to kidnap the victim to keep him from talking about other crimes possibly committed by appellant.

For appellant's sufficiency challenge to his conviction for using and carrying a firearm during and in relation to a crime of violence, there is no requirement, despite appellant's suggestion to the contrary, that the government must show appellant possessed a firearm at the precise moment the victim was taken across a state line. Instead, the government is required to show that a firearm was possessed at some point during the commission of the kidnaping.  *See* 18 U.S.C. § 924(c).  Kimbrel's testimony that appellant and Trotter possessed firearms when the two men brought the victim to the car is sufficient to satisfy the requirements of 18 U.S.C. § 924(c).

We conclude the evidence presented at trial was sufficient to support the verdict of guilty on both counts.

**VI.    Whether the evidence at sentencing established the appellant was a career offender.**

Evidence presented in a sentencing hearing merely needs to be supported by "sufficient indicia of reliability to support its probable accuracy." United States v. Tovar, 27 F.3d 497, 499 (10th Cir.1994). We review the district court's factual findings for clear error. United States v. Beaulieu, 893 F.2d 1177, 1181-82 (10th Cir.), cert. denied, 497 U.S.

1038, 110 S. Ct. 3302, 111 L.Ed.2d 811 (1990).

Appellant argues the evidence presented at the sentencing hearing was insufficient to establish that he qualified as a career offender pursuant to U.S.S.G. § 4B1.1. Before the sentencing hearing, the government filed a sentencing memorandum which included copies of appellant's prior convictions. Copies of appellant's prior convictions were also introduced during the August 13, 1999, sentencing hearing. Appellant objected to the introduction of the copies arguing only certified copies of any prior convictions should be admitted. The district court overruled appellant's objection under Federal Rule of Evidence 1101(d)(3) finding the rule of evidence regarding authenticity of conviction records was not applicable during a sentencing hearing.

After reviewing the evidence presented, including the non-certified copies of appellant's prior convictions, the district court found appellant qualified as a career offender under U.S.S.G. § 4B1.1. We find no error in the district court's determination.

AFFIRMED.

Entered for the Court

H. Dale Cook
Senior U.S. District Judge