**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VAGAN ADZHEMYAN,<br><br>Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent-Appellee. | No.  18-55737<br><br>D.C. Nos.<br>2:16-cv-07401-TJH<br>2:09-cr-00783-TJH-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted February 3, 2020[**]
Pasadena, California

Before:  IKUTA and LEE, Circuit Judges, and MARBLEY,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Algenon L. Marbley, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

1

Vagan Adzhemyan appeals the district court's order denying his petition to vacate, set aside, or amend his sentence pursuant to 28 U.S.C. § 2255. We previously denied Adzhemyan's direct appeal of his kidnapping conviction. Adzhemyan now raises similar issues in his § 2255 petition, but argues appellate counsel was ineffective for failing to frame them as reversible structural error. We affirm.

Adzhemyan did not receive ineffective assistance of counsel on direct appeal when his attorney failed to argue that the trial court committed structural error by, among other things, eliminating the statutory element of "for ransom or reward or otherwise" from the jury's instructions on kidnapping, not permitting evidence or argument on that element, and excluding Adzhemyan's justification defense. Unlike in *Conde v. Henry*, 198 F.3d 734 (9th Cir. 1999), the trial court did not deprive Adzhemyan of his right to counsel or his right to present a cognizable defense. Indeed, Adzhemyan does not dispute that he held his victim captive for several days using means of interstate commerce. *Gawne v. United States*, 409 F.2d 1399, 1403 (9th Cir. 1969) ("The word to be emphasized is 'held,' for involuntariness of seizure and detention is the very essence of the crime of kidnapping. Thus, the true elements of the offense are unlawful seizure and

2

holding, followed by interstate transportation.") (internal quotations and citations omitted). And, on direct appeal, we held that the trial court properly excluded Adzhemyan's justification defense and the evidence supporting that defense. Hence, the trial court did not commit structural error, and so Adzhemyan's appellate counsel was not ineffective for failing to argue that the trial court had committed such an error. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance.").

Additionally, the trial court did not commit reversible error by precluding Adzhemyan from introducing the above-mentioned evidence to demonstrate that he lacked the criminal intent necessary to commit kidnapping, or to show there was insufficient evidence to conclude he had done so "for ransom or reward or otherwise." Adzhemyan's argument that he had an innocuous purpose for kidnapping his victim is simply another way of advancing a justification defense, which the trial court properly excluded. Further, the Supreme Court has emphasized that the phrase "for ransom or reward or otherwise" extends jurisdiction of the federal kidnapping statute "to persons who have been kidnap[p]ed and held, not only for reward, but for any other reason." *Gooch v. United States*, 297 U.S. 124, 126-128 (1936). Because on direct appeal we held that there was

3

"uncontroverted evidence that [Adzhemyan] used the victim's ATM card to obtain cash from the victim's bank account," and that this benefit fit within the reach of the statute, any error on the part of the trial court was harmless beyond a reasonable doubt.

Similarly, the trial court's decision to exclude this evidence did not infringe upon Adzhemyan's right to testify, to call witnesses in his own defense, or to confront opposing witnesses. A criminal defendant has no right "to present irrelevant evidence." *See Wood v. State of Alaska*, 957 F.2d 1544, 1549 (9th Cir. 1992) (internal citations omitted). Because the trial court properly excluded Adzhemyan's justification defense, any evidence that he kidnapped his victim to obtain proof of an alleged assassination attempt was not wholly relevant to his defense. Moreover, with respect to Adzhemyan's right to confront opposing witnesses with this evidence, we held on direct appeal that "[i]n light of the district court's exclusion of [Adzhemyan's] justification defense, the district court did not abuse its discretion in finding that, under Federal Rule of Evidence 403, the probative value of the testimony in establishing the victim's bias was outweighed by the potential confusion of the issues for the jury."

Finally, to the extent Adzhemyan urges us to find reversible error because the trial court refused to continue his trial until after co-defendant and potential key witness, Suren Garibyan, was sentenced, we find that the trial court did not abuse its discretion. *See Torres v. United States*, 270 F.2d 252, 255 (9th Cir. 1959) ("Such matters are within the sound discretion of the trial judge and will not be disturbed unless a clear abuse of discretion exists."). The record suggests that Garibyan was prepared to invoke his Fifth Amendment privilege against self-incrimination, even after sentencing, as he could have still faced criminal exposure on other charges. For all of these reasons, we find no basis to conclude that the district court erred by denying Adzhemyan's petition to vacate, set aside, or amend sentence pursuant to 28 U.S.C. § 2255.

**AFFIRMED.**