**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>GALVIN GIBSON,<br><br>        Defendant - Appellant.</td><td>No. 12-50081<br><br>D.C. No. 2:09-cr-00783-JHN-3<br><br><br>MEMORANDUM[*]</td></tr>
<tr><td>UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>VAGAN ADZHEMYAN,<br><br>        Defendant - Appellant.</td><td>No. 12-50090<br><br>D.C. No. 2:09-cr-00783-JHN-1</td></tr>
</table>

Appeals from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted December 9, 2014
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GILMAN,** GRABER, and CALLAHAN, Circuit Judges.

Defendants-Appellants Galvin Gibson ("Gibson") and Vagan Adzhemyan ("Adzhemyan") appeal their convictions for kidnapping and conspiracy to kidnap under 18 U.S.C. § 1201.[1] We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

1. The district court permissibly excluded Defendants' justification defense. A party seeking to assert a justification defense must make a pretrial offer of proof establishing that "(1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative; and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Gomez*, 92 F.3d 770, 775 (9th Cir. 1996) (citations and internal quotation marks omitted). Defendants did not make the required showing because 1) even though there was evidence of a murder-for-hire plot, Adzhemyan learned about it four or five

** The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1]Gibson also appealed his conviction for marijuana manufacturing under 21 U.S.C. § 841 but offered no argument on why that conviction should be overturned. We therefore do not address Gibson's drug conviction.

months before the kidnapping, received no threats, much less any recent and specific threats, and was not under surveillance; 2) Adzhemyan was reckless when he and at least one associate confronted the victim in the middle of the night with a baseball bat and a taser; 3) Adzhemyan did not attempt to contact authorities and did not show that such contact would be futile; and 4) Defendants offer no explanation why they needed to hold the victim for four days.

2.      The district court erred by failing to include the "for ransom, reward, or benefit" language from the jury instruction, because the government must allege and prove that Defendants obtained some benefit through the abduction. *See* 18 U.S.C. § 1201(a); *Gooch v. United States*, 297 U.S. 124, 126–28 (1936) (concluding that addition of phrase "or otherwise" into federal kidnapping statute extended jurisdiction of statute "to persons who have been kidnaped and held, not only for reward, but for any other reason") (citation and internal quotation marks omitted).  Nevertheless, the error was harmless because of the uncontroverted evidence that Defendants used the victim's ATM card to obtain cash from the victim's bank account. *See United States v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009).

3.      There was no constructive amendment of the indictment.  The "complex of facts" proved at trial was not "distinctly different from those set forth

3

in the charging instrument," and there was no evidence introduced at trial that would have enabled the jury to convict Defendants for conduct with which they were not charged. *See United States v. Wilbur*, 674 F.3d 1160, 1178 (9th Cir. 2012) (citation and internal quotation marks omitted); *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014).

Even if there was a variance, it does not mandate reversal. Any divergence between the facts alleged in the indictment and those offered at trial were immaterial or otherwise nonprejudicial because Defendants were on notice of the shift in the government's theory and because of the overwhelming evidence of Defendants' guilt. *See Ward*, 747 F.3d at 1190.

4.    The district court did not abuse its discretion in excluding evidence on the alleged murder-for-hire plot and the victim's alleged ties to organized crime. In reviewing whether a court abused its discretion in excluding evidence or limiting testimony, we look to 1) whether the excluded evidence was relevant; 2) whether other legitimate interests outweighed the defendant's interest in presenting the evidence; and 3) whether the exclusion of that testimony left the jury with sufficient information to assess the witness's credibility. *United States v. Larson*, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc).

4

In light of the district court's exclusion of Defendants' justification defense, the district court did not abuse its discretion in finding that, under Federal Rule of Evidence 403, the probative value of the testimony in establishing the victim's bias was outweighed by the potential confusion of the issues for the jury. Further, even assuming the district court erred in limiting testimony, any error was harmless in light of the overwhelming evidence of Defendants' guilt. *See id.* at 1107–08.

5. Defendants have not shown a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), or *Napue v. Illinois*, 360 U.S. 264 (1959). To establish a *Brady* violation, a defendant must show that 1) the evidence at issue was favorable to the accused; 2) the evidence was suppressed by the government; and 3) the defendant was prejudiced by the suppression. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). A defendant is not prejudiced under *Brady* unless the suppressed evidence is material, meaning that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 280 (citation and internal quotation marks omitted). Because of the overwhelming evidence of their guilt, Defendants have not shown the required reasonable probability that the result at trial would have been different absent the alleged violations.

To establish a *Napue* violation, the defendant must show that the testimony was "actually false," the government knew or should have know that the testimony was actually false, and the false testimony was material. *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011). Defendants have not shown that the victim gave "actually false" testimony. Nor have they shown that the alleged false testimony was material, in light of the overwhelming evidence of their guilt.

AFFIRMED.