**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-56249 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-07435-TJH |
| v. | 2:09-cr-00783-TJH-3 |
| GALVIN GIBSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted September 2, 2021[**]
Pasadena, California

Before: IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Defendant Galvin Gibson appeals the district court's denial of his 28 U.S.C.

§ 2255 motion. He contends that the district court erred in denying his claims under

*Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959),

as well as his ineffective assistance of counsel (IAC) claims as they relate to a six-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

level sentence enhancement. We have jurisdiction under 28 U.S.C. §§ 2253(a), 1291, and review the denial of a § 2255 motion de novo. *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000). We also review Gibson's *Brady*, *Napue*, and IAC claims de novo. *See Dow v. Virga*, 729 F.3d 1041, 1049 (9th Cir. 2013) (*Napue*); *United States v. Williams*, 547 F.3d 1187, 1202 n.12 (9th Cir. 2008) (*Brady*); *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (IAC). We affirm.

1. Gibson contends that the district court erred in denying his *Brady* and *Napue* claims, arguing that those claims pertained to the first trial, which ended in a hung jury, and not the second trial, which resulted in a conviction. The government contends that these claims are identical to claims raised and rejected on direct appeal[1] and are thus barred in this habeas proceeding. The district court rejected the claims because we had rejected those claims on direct appeal. If the claims were raised in the direct appeal, then, as the district court found, they are barred. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985). But if the claims were never raised on direct appeal, they are procedurally defaulted, and Gibson would need to show both cause and prejudice to overcome that procedural default. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982). Gibson has shown neither.[2]

---

[1] *See United States v. Gibson*, 598 F. App'x 487, 489–90 (9th Cir. 2015).
[2] It also appears that the "first trial" claims were forfeited, as they were not explicitly presented to the district court. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th

2. Gibson contends that his sentencing and appellate counsel were both ineffective, arguing that the former failed to properly object to his six-level ransom enhancement, and the latter failed to raise the enhancement claim on direct appeal. Gibson also argues that the district court erred in holding that his sentencing counsel IAC claim was procedurally defaulted.

We agree with Gibson that the district court erred in holding that his sentencing counsel IAC claim was procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (IAC claims need not be raised on direct appeal for them to be raised in a 28 U.S.C. § 2255 habeas proceeding). But we "may affirm on any basis supported by the record even if the district court did not rely on that basis." *United States v. Pope*, 686 F.3d 1078, 1080 (9th Cir. 2012).

Gibson argues that sentencing counsel should have objected when the trial court applied a preponderance standard to the ransom enhancement instead of a clear and convincing evidence standard. But Gibson cannot show prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), as the evidence supporting the ransom enhancement was at least clear and convincing. Indeed, on direct appeal, we held that "uncontroverted evidence" supported the finding that Gibson was involved with the ransom demands. *Gibson*, 598 F. App'x at 489. The trial

Cir. 2018) ("[A]rguments raised for the first time on appeal . . . are deemed forfeited."). But the government does not argue forfeiture, so we need not consider that alternative ground for rejecting the claims.

3

testimony shows that Gibson made some ransom calls and was present for others, and demanded financial information (e.g., pin numbers and bank details) from the victim, beating the victim when he was unresponsive or provided incorrect information. A ransom "script" was also found in Gibson's car. No matter the standard, the sentencing court properly enhanced the sentence under U.S.S.G. § 2A4.1.

For the same reason—lack of prejudice—we also reject Gibson's ineffectiveness claim against appellate counsel.

**AFFIRMED**.